**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DANNY HERMAN TRUCKING, INC.,**
et al.,

      **Plaintiffs,**

  v.                                       Civil Action 2:18-cv-644
                                            Judge James L. Graham
                                            Magistrate Judge Jolson

**BROOKS LILES BOULWARE,**

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Require Plaintiffs to Join Plaintiffs' Insurance Carrier as a Necessary Party (Doc. 14). For the reasons that follow, Defendant's Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs are Danny Herman Trucking, Inc. ("DH Trucking") and DHT Leasing, LLC ("DHT Leasing"). (Doc. 3, ¶¶ 5–6). On May 17, 2018, Defendant allegedly crashed into an 18-wheel semi-tractor owned by Plaintiff DHT Leasing and operated by Plaintiff DH Trucking. (*Id.*, ¶¶ 5–10).

Cherokee Insurance Company ("Cherokee") is the insurance carrier for and a subrogee of Plaintiff DH Trucking. (*See* Doc. 14-1). On June 8, 2018, Cherokee issued a notice of subrogation claim to Defendant's insurance carrier, demanding payment in the amount of $98,316.67 for damages allegedly caused by Defendant. (*Id.*).

Plaintiffs filed their initial Complaint (Doc. 1) on July 2, 2018. Several days later, they filed an Amended Complaint (Doc. 3), bringing a claim of negligence and requesting damages for property damage, lost opportunity costs, and economic loss related to loss of services. (*Id.*, ¶¶ 8–

1

19). On November 13, 2018, Defendant file the instant Motion, seeking to join Cherokee as a necessary party in this lawsuit. Plaintiffs did not file any opposition to Defendant's Motion. The Motion is now ripe for resolution.

## II. ANALYSIS

Defendant seeks to join Cherokee as a necessary party under Rules 17, 19, and 21. (*See generally* Doc. 14). Rule 19 does the work for Defendant here.

"Assessing whether joinder is proper under Rule 19 is a three-step process." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (citation omitted). "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." *Id.* (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990)). "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Glancy*, 373 F.3d at 666 (citation omitted). "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable." *Id.* (citation omitted).

Rule 19(a) provides the standard for whether joinder is proper:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Defendant maintains that Cherokee is both a necessary party under both provisions of Fed. R. Civ. P. 19(a). (Doc. 14 at 4). However, "a party need only meet one of the criteria set forth in Rule 19(a) to pass the first step of the test[.]" *Brinager v. Ronk Elec. Indust., Inc.*, No. 2:06-cv-441, 2007 WL 709337, at *2 (S.D. Ohio Mar. 5, 2007) (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 764 (6th Cir. 1999)).

Cherokee is a necessary party under Rule 19(a)(1)(B). As a partial subrogee, Cherokee is a necessary party because its absence may impede its ability to protect its interest and also may leave Defendant subject to a risk of incurring double, multiple, or inconsistent obligations. *See U.S. v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 381–82 (1949) (noting that where an insurer has become partially subrogated to the rights of an insured, both are necessary parties); *Fed. Ins. Co. v. Benchmark Bank*, No. 2:17-cv-135, 2018 WL 527285, at *3 (S.D. Ohio Jan. 24, 2018) (holding that while partial subrogee may be a necessary party under Rule 19(a), party was not indispensable under Rule 19(b)); *Brinager*, 2007 WL 709337, at *2 (joining partial subrogee as necessary party under Rule 19(a)).

Next, the Court must consider whether joinder of Cherokee is feasible. Joinder is not feasible if it would destroy diversity jurisdiction. *Glancy*, 373 F.3d at 666. Diversity jurisdiction requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

Here, Plaintiffs are allegedly citizens of California and Tennessee, and Defendant is allegedly a citizen of North Carolina. (Doc. 3, ¶¶ 5–7). Beyond an equivocal representation that

"on interest and belief . . . [Cherokee's] joinder will not destroy this Court's jurisdiction," (Doc. 14 at 5, Defendant provides the Court no information regarding Cherokee's citizenship.  A search of the Michigan Department of Insurance's database indicates that Cherokee is domiciled in Michigan, which is corroborated by searches of other state insurance databases.  As a result, the joinder of Cherokee would not destroy complete jurisdiction in this case, *see V & M Star*, 596 F.3d at 355, and joinder of Cherokee is therefore feasible.

Because the Court finds joinder feasible, an analysis of the Rule 19(b) factors is not necessary.  Only where the Court finds that joinder is not feasible, must the court analyze the Rule 19(b) factors to determine whether the party is indispensable and, thus, whether the action must be dismissed.  *Liberty Ins. Corp.*, 2013 WL 5492531, at *2.

In sum, Cherokee is a necessary party that is subject to the jurisdiction of the Court, and can be made a party without depriving the court of jurisdiction of the parties before it.  *See* Rule 19(a)(1)(B).  Joinder of Cherokee is therefore appropriate here.  *See id.*

Having found that Rule 19 provides a basis for joining Cherokee, the Court declines to address Defendant's arguments under Rule 17 or Rule 21.  To the extent any party believes issues related to those Rules need to be addressed, they are free to raise them through motion practice.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 14) is **GRANTED**.

IT IS SO ORDERED.

Date:  December 21, 2018  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

4