IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY HERMAN TRUCKING, INC.,
et al.,

        Plaintiffs,

v.                                        Civil Action 2:18-cv-644

                                              Magistrate Judge Jolson

BROOKS LILES BOULWARE,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Unopposed Motion to Join Additional Necessary and Indispensable Parties and Compulsory Counterclaims to Afford Complete Relief Among the Interested Parties (Doc. 33). For the reasons that follow, the Unopposed Motion is **GRANTED in part and DENIED in part**.

**I.    BACKGROUND**

Plaintiffs are Danny Herman Trucking, Inc. ("DH Trucking"), DHT Leasing, LLC ("DHT Leasing"), and Cherokee Insurance Company ("Cherokee") (collectively, "Plaintiffs"). (Doc. 31, ¶¶ 5–7). Plaintiff DH Trucking is a trucking company, and Plaintiff DHT Leasing is an equipment leasing company. (*Id.*, ¶¶ 5–6). Plaintiff Cherokee "is an insurance underwriting company . . . that has contractual privity with DH Trucking and DHT Leasing as an insurance underwriter providing commercial insurance coverage to the same." (*Id.*, ¶ 7).

On May 17, 2018, Defendant allegedly crashed his SUV into an 18-wheel semi-tractor and trailer that was operated by Plaintiff DH Trucking's employee, Kenneth Millender II, and owned by Plaintiff DHT Leasing. (*Id.*, ¶¶ 5–11). As a result of the accident, Millender was injured, and Plaintiff DHT Leasing's semi-tractor and trailer sustained significant damages. (*Id.*, ¶¶ 12–20).

Further, a number of third parties were riding in the car with Defendant at the time of the accident: Maxine Boulware, Defendant's wife; William O. Brame; and Dorothy A. Brame. (*See generally* Doc. 33-1). Maxine Boulware and the Brames died as a result of their injuries. (*Id.*).

Plaintiffs filed their initial Complaint (Doc. 1) on July 2, 2018. In its Opinion and Order dated December 21, 2018, the Court joined Plaintiff Cherokee as a party. (Doc. 17). Although initially a subrogee, subsequent to that Opinion and Order, Plaintiff Cherokee allegedly assigned its rights of subrogation to Plaintiff DH Trucking. (Doc. 31, ¶ 7). In their Second Amended Complaint (Doc. 30), Plaintiffs bring a negligence claim against Defendant and request damages for property damage, lost opportunity costs, and economic loss related to loss of services. (*Id.*, ¶¶ 12–20).

Plaintiffs filed the instant Unopposed Motion on March 29, 2019. The deadline for further briefing has passed, and the Motion is now ripe for resolution.

## II. DISCUSSION

### A. Compulsory Counterclaims

Plaintiffs argue that Defendant "should be required to raise a counterclaim against Plaintiffs in this instant action, to the extent that he wishes to bring one at all." (Doc 33 at 6). In their view, "Defendant's potential personal injury and property damage claims arise out of the same transaction and occurrence, and would necessarily require the same factual, legal, and evidentiary questions at issue in the instant action." (*Id.*). They, therefore, request that the Court "enter an order compelling Defendant . . . to raise any counterclaim that he may have in relation to this matter or waive and be forever barred from doing so in the future." (*Id.* at 7).

Rule 13 does not provide a mechanism to compel Defendant to file counterclaims in this action. Rather, Defendant is free to bring any potential claims against Plaintiffs consistent with

the Federal Rules of Civil Procedure and Sixth Circuit precedent. If Defendant chooses to bring such claims, Plaintiffs are free to challenge those claims pursuant to the Federal Rules of Civil Procedure—including Rule 13—and Sixth Circuit precedent. But the choice to bring such claims is Defendant's, not the Court's. Plaintiffs' Unopposed Motion is, therefore, **DENIED** with respect to this issue.

**B. Compulsory Joinder**

Relying on Rule 19, Plaintiffs seek to join Kenneth Millender, Maxine Boulware, William O. Brame, and Dorothy A. Brame in this action.

Rule 19(a) provides the standard for whether joinder is proper:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

"Assessing whether joinder is proper under Rule 19 is a three-step process." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (citation omitted). "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." *Id.* (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990)). "[A] party need only meet one of the criteria set forth in Rule 19(a) to pass the first step of the test[.]" *Brinager v. Ronk Elec. Indust., Inc.*, No. 2:06-cv-

441, 2007 WL 709337, at *2 (S.D. Ohio Mar. 5, 2007) (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 764 (6th Cir. 1999)). "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Glancy*, 373 F.3d at 666 (citation omitted). "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable." *Id.* (citation omitted).

      *i.*    *Kenneth Millender*

Plaintiffs maintain that Millender is a necessary party because he "has pending claims against the automobile insurance carrier for Defendant . . . , for his personal injuries resulting from the vehicle collision on May 17, 2018" and because Defendant "has a pending compulsory counterclaim" against him "that may need to be defended by" Plaintiff Cherokee. (Doc. 33 at 8). The parties agree that Millender should be joined in this case, and, significantly, Millender's counsel "does not object to being made part of this action in order to afford complete relief for his client's personal injury claims and subrogation of Workers Compensation payments against Defendant." (*Id.*).

First, there is no dispute that Millender has an interest in the subject of this action. Like Millender, Plaintiffs allege that Defendant is responsible for their injuries resulting from the accident. Millender's personal injury claim turns on Defendant's alleged negligence, just like Plaintiff's claims here.

Second, as a practical matter, a ruling in favor of Defendant may impede or impair Millender's claims against Defendant. Such a ruling could create "adverse persuasive precedent," and "[m]any courts considering this risk have found that it amounts, as a practical matter, to

4

impairing the absent party's interest." *Williams-Sonoma Direct, Inc. v. Arhaus, LLC*, 304 F.R.D. 520, 532 (W.D. Tenn. 2015) (collecting cases). Because it is not clear that Plaintiffs will adequately represent Millender's interests, Millender is a necessary party. *Cf. id.* at 533 ("If an absent party is adequately represented, then there is no practical prejudice to the absent party").

Next, the Court must consider whether joinder of Millender is feasible. Joinder is not feasible if it would destroy diversity jurisdiction. *Glancy*, 373 F.3d at 666. Diversity jurisdiction requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

Here, Plaintiffs represent that Millender is a citizen of California. (Doc. 33 at 2 (citing Doc. 33-1)). Plaintiffs DH Trucking, DHT Leasing, and Cherokee are citizens of California, Tennessee, and Michigan respectively. (Doc. 30, ¶¶ 5–7). Defendant is a citizen of North Carolina. (*Id.*, ¶ 8). As a result, the joinder of Millender would not destroy complete jurisdiction in this case, *see V & M Star*, 596 F.3d at 355, and joinder of Millender is therefore feasible.

Because the Court finds joinder feasible, an analysis of the Rule 19(b) factors is not necessary. Only where the Court finds that joinder is not feasible, must the court analyze the Rule 19(b) factors to determine whether the party is indispensable and, thus, whether the action must be dismissed. *Liberty Ins. Corp. v. Advanced Servs. Heating & Cooling, Inc.*, No. 2:13-CV-241, 2013 WL 5492531, at *2 (S.D. Ohio Oct. 1, 2013).

In sum, Millender is a necessary party who is subject to the jurisdiction of the Court, and he can be made a party without depriving the court of jurisdiction of the parties before it. *See* Fed. R. Civ. P. 19(a)(1)(B). His joinder is therefore appropriate here. *See id.*

Plaintiffs' Unopposed Motion is, therefore, granted with respect to this issue.

### ii. Maxine Boulware, William O. Brame, and Dorothy A. Brame

Plaintiffs assert that the Court should order the joinders of Maxine Boulware and the Brames because (1) they each have potential wrongful death claims against the parties in this action; and (2) "[a]dministration of the policy benefits that are potentially payable to the two survivors and two decedents to this civil action cannot be made without a determination of liability, via comparative negligence principles, and a division of the applicable policy benefits among the economic claims of the various interested parties." (Doc. 33 at 9).

Unlike Millender, Maxine Boulware and the Brames have expressed no interest in joining this action. In fact, it is unclear to the Court whether these parties have any interest in ever pursuing claims related to the accident. Rule 19 "should be employed to promote the full adjudication of disputes with a minimum of litigation effort." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civil § 1602 (3d ed. 2001). As it stands, Maxine Boulware and the Brames, in contrast to Millender, have no dispute with any of the parties in this action. Consequently, it is not obvious to the Court that Rule 19 should be used to force them to join.

Further, Plaintiffs do not cite any authority in support of their argument that Maxine Boulware and the Brames should be joined in this action given their lack of interest in litigating. Based on the information before the Court, Plaintiffs have failed to meet their burden to join those individuals. *Williams-Sonoma Direct*, 304 F.R.D. at 530 (recognizing that burden is on the moving party to demonstrate that third party is necessary under Rule 19(a)). Plaintiffs' Unopposed Motion is, therefore, denied with respect to this issue.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Unopposed Motion (Doc. 33) is **GRANTED in part and DENIED in part**.  Kenneth Millender II will be joined as a party in this action.

IT IS SO ORDERED.


Date:  May 10, 2019　　　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE